UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLNEISHA BROWN | CIVIL ACTION |
| VERSUS | NO. 19-13710 |
| PROTECTIVE INSURANCE COMPANY, et al. | SECTION: "G"(1) |

## ORDER

This litigation arises out of Plaintiff Ellneisha Brown's ("Plaintiff") claim that she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Mr. Mario Lopez ("Lopez").[1] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Defendant Protective Insurance Company ("Protective Insurance Company").[2] Plaintiff originally filed this action in state court, but Defendant Protective Insurance Company removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this case. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

---

[1] Rec. Doc. 1-2 at 1.

[2] Rec. Doc. 1-2 at 2.

[3] Rec. Doc. 1 at 6.

[4] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] 28 U.S.C. § 1447(c).

1

On December 5, 2019, this Court ordered the parties to submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*, November 19, 2019, by December 11, 2019.[6] On December 11, 2019, both Plaintiff and Defendant Protective Insurance Company filed responsive memoranda regarding the amount in controversy along with supporting documentation.[7] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court finds that it lacks subject matter jurisdiction over the above-captioned matter and therefore remands it to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

## I. Background

In the Petition for Damages, Plaintiff alleges that on or about October 11, 2018, she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Mr. Mario Lopez ("Lopez").[8] Plaintiff argues that she is entitled to damages for her past, present and future pain and suffering, past, present and future medical expense, lost earning potential.[9] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Defendant Protective Insurance Company ("Protective Insurance Company").[10]

On November 19, 2019, Defendant Protective Insurance Company removed the case to

---

[6] Rec. Doc. 9.

[7] *See* Rec. Docs. 10, 11.

[8] Rec. Doc. 1-2 at 1.

[9] Rec. Doc. 1-2 at 2.

[10] Rec. Doc. 1-2 at 2.

this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[11] In the Petition for Removal, Defendant Protective Insurance Company asserts that "[t]he amount in controversy for these injuries exceeds $75,000.00, exclusive of interests and costs. Plaintiff has incurred at least $15,365.35 in past medical expenses and the amount in controversy for general damages exceeds $60,000."[12] Defendant Protective Insurance Company further states that "[w]hen determining the amount in controversy, the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000– $50,000 range . . . [t]he amount for general damages in cases involving knee injuries where surgery has been recommended may be placed in the $40,000 to $125,000 range . . . [and] the amount for general damages in cases involving rhizotomies may exceed the amount in controversy necessary for federal jurisdiction."[13] Therefore, Defendant Protective Insurance Company states that "[b]ased on all of her alleged injuries, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interests and costs."[14]

On December 5, 2019, following the Fifth Circuit's guidance in *Allen v. R&H Oil & Gas Co.*,[15] the Court ordered the parties to submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*, November 19, 2019, by December 11, 2019.[16] On December 11, 2019, both Plaintiff and Defendant Protective Insurance Company filed responsive memoranda regarding the amount in controversy along with supporting documentation.[17]

---

[11] Rec. Doc. 1 at 6.

[12] Rec. Doc. 1 at 3.

[13] *Id*. at 3-4.

[14] *Id*. at 3-4.

[15] 63 F.3d 1326, 1335 (5th Cir. 1995).

[16] Rec. Doc. 9.

[17] *See* Rec. Docs. 10, 11.

3

## II. Parties' Arguments

### A. *Notice of Removal*

In the Petition for Removal, Defendant Protective Insurance Company asserts that "[t]he amount in controversy for these injuries exceeds $75,000.00, exclusive of interests and costs."[18] Protective Insurance Company argues that Plaintiff has incurred at least $15,365.35 in past medical expenses and that the amount in controversy for general damages exceeds $60,000.[19] Defendant Protective Insurance Company further states that "[w]hen determining the amount in controversy, the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000–$50,000 range . . . [t]he amount for general damages in cases involving knee injuries where surgery has been recommended may be placed in the $40,000 to $125,000 range . . . [and] the amount for general damages in cases involving rhizotomies may exceed the amount in controversy necessary for federal jurisdiction."[20] Therefore, Defendant Protective Insurance Company states that "[b]ased on all of her alleged injuries, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interests and costs."[21]

### B. *Defendant's Memorandum Regarding the Amount in Controversy*

In its "Memorandum Regarding the Amount in Controversy," Defendant Protective Insurance Company "avers that the amount in controversy at the time of the filing of the Petition for Removal exceeded $75,000.00, exclusive of interests and costs."[22] Protective Insurance

---

[18] Rec. Doc. 1 at 3.

[19] Rec. Doc. 1 at 3.

[20] *Id*. at 3-4.

[21] *Id*. at 3-4.

[22] Rec. Doc. 10 at 1.

4

Company asserts that Plaintiff received a recommendation to undergo knee surgery and that Louisiana courts have awarded amounts ranging from $40,000 to $125,000 in purportedly similar cases.[23] Protective Insurance Company also states that Plaintiff is claiming injuries to her cervical and lumbar spines, and that "the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000–$50,000 range."[24] Protective Insurance Company also asserts that Plaintiff received a recommendation to undergo radiofrequency ablations in the lumbar spine and that "[t]he amount for general damages in cases involving rhizotomies alone may exceed the amount in controversy necessary for federal jurisdiction."[25] Lastly, Protective Insurance Company states that Plaintiff has incurred at least $15,365.35 in past medical expenses.[26] Therefore, Protective Insurance Company argues that the amount in controversy at the time of the filing of the Petition for Removal is in excess of $75,000.[27]

C.  *Plaintiff's Memorandum Regarding the Amount in Controversy*

In her "Memorandum In Support of Amount in Controversy," Plaintiff states that she "believes in good faith that her damages exceed" $75,000.00.[28] Plaintiff states that she has incurred approximately $15,000.00 in past medical expenses, and that she plans to move forward with knee surgery, at a cost of $21,850.00 as well as a lumbar rhizotomy, at a cost of approximately $10,000.00–$15,000.00.[29] Plaintiff believes that the sum of past medical expenses, future medical

---

[23] Rec. Doc. 10 at 2-3.

[24] Rec. Doc. 10 at 3-4.

[25] Rec. Doc. 10 at 4.

[26] Rec. Doc. 10 at 4-5.

[27] Rec. Doc. 10 at 5.

[28] Rec. Doc. 11 at 1.

[29] Rec. Doc. 11 at 1 (citing Rec Docs. 11-1, 11-2).

5

procedure cost and potential general damage awards will exceed the amount in controversy.[30]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[31] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The removing party bears the burden of demonstrating that federal jurisdiction exists.[32] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[33] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[34]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[35] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good

---

[30] Rec. Doc. 11 at 2.

[31] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[32] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[33] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[34] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[35] *See Allen*, 63 F.3d at 1335.

faith."[36] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[37] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[38]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[39] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[40] When, as here, the plaintiff has alleged an indeterminate amount of damages in the Complaint, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[41] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[42] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[43] Finally, the jurisdictional facts

---

[36] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[37] *Id.*

[38] *Id.*

[39] *See* La. Code Civ. P. art. 893.

[40] *Id.*

[41] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[42] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[43] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[44]

The Court must address the jurisdiction issue *sua sponte*, because a "party may neither consent to nor waive federal subject matter jurisdiction."[45] "[S]ubject matter delineations must be policed by the courts on their own initiative."[46] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[47]

### IV. Analysis

In the Petition for Damages, Plaintiff alleges that on or about October 11, 2018, she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Mr. Mario Lopez ("Lopez").[48] Plaintiff argues that she is entitled to damages for her past, present and future pain and suffering, past, present and future medical expense, lost earning potential.[49] On December 5, the Court found that the amount in controversy was not facially apparent, and thus the Court was unable to determine whether the amount in controversy exceeds $75,000.[50] Therefore, the Court ordered the parties to submit summary-judgment-type evidence regarding the amount in

---

[44] *Allen*, F.3d at 1335.

[45] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[46] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[47] 28 U.S.C. § 1447(c).

[48] Rec. Doc. 1-2 at 1.

[49] Rec. Doc. 1-2 at 2.

[50] Rec. Doc. 9 at 4.

controversy at the time of removal.[51]

In its "Memorandum Regarding the Amount in Controversy," Defendant Protective Insurance Company offers evidence that Plaintiff had incurred $15,365.35 in past medical expenses.[52] However, this amount is far below the amount in controversy requirement of $75,000, and Protective Insurance Company offers little additional evidence that the amount in controversy exceeds $75,000. Protective Insurance Company points to several Louisiana court cases where courts awarded damages in ranges which, "[e]ven if this Honorable Court decides to use the lower end of each range of general damages to calculate the amount in controversy . . . the amount in controversy is clearly above $75,000."[53] For example, Protective Insurance Company asserts that Plaintiff received a recommendation to undergo knee surgery and that Louisiana courts have awarded amounts ranging from $40,000 to $125,000 in purportedly similar cases.[54] Protective Insurance Company also states that Plaintiff is claiming injuries to her cervical and lumbar spines, and that "the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000–$50,000 range."[55] Protective Insurance Company also asserts that Plaintiff received a recommendation to undergo radiofrequency ablations in the lumbar spine and that "[t]he amount for general damages in cases involving rhizotomies alone may exceed the amount in controversy necessary for federal jurisdiction."[56]

However, other damages awards based on highly individualized facts and determined after

---

[51] Rec. Doc. 9 at 5.

[52] Rec. Doc. 10 at 4-5.

[53] Rec. Doc. 10 at 5.

[54] Rec. Doc. 10 at 2-3.

[55] Rec. Doc. 10 at 3-4.

[56] Rec. Doc. 10 at 4.

9

a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists.[57] Protective Insurance Company "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy its burden.[58] Rather, Protective Insurance Company must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000.[59] Despite Protective Insurance Company's argument that the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard," and is therefore an improper standard when assessing the amount in controversy.[60] Finally, Protective Insurance Company does not submit any evidence regarding the value of Plaintiff's other requests for damages, such as present and future pain and suffering or lost earning potential. Therefore, the Court finds that Protective Insurance Company has not put forth sufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.

In her "Memorandum In Support of Amount in Controversy," Plaintiff states that she "believes in good faith that her damages exceed" $75,000.00.[61] Plaintiff states that she has incurred "approximately" $15,000.00 in past medical expenses, and that she plans to move forward with

---

[57] *See Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (Brown. J.) (noting that pointing to other cases with "highly individualized facts different from the facts at issue here" and other damages awards based on "the entire record after trial" is insufficient to establish that, based on the jurisdictional facts that exist at the time of removal, subject matter jurisdiction exists).

[58] *Id.*; *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

[59] *See De Aguilar*, 47 F.3d at 1412.

[60] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[61] Rec. Doc. 11 at 1.

knee surgery, at a cost of $21,850.00 as well as a lumbar rhizotomy, at a cost of approximately $10,000.00–$15,000.00.[62] Plaintiff believes that the sum of past medical expenses, future medical procedure cost and potential general damage awards will exceed the amount in controversy.[63]

However, the Fifth Circuit has determined that parties may not stipulate or consent to federal subject jurisdiction after the case is removed.[64] Here, Plaintiff has incurred past medical expenses totaling $15,365.35. Plaintiff asserts that she plans to undergo a knee surgery, at a cost of approximately $21,850.00 and a lumbar rhizotomy, at a cost of $10,000.00–$15,000.00. Even accepting these future costs as true, the amount of damages would be just $47,215.35–$52,215.35, still short of the $75,000 requirement. Plaintiff does not submit any evidence regarding the value of Plaintiff's other requests for damages, such as present and future pain and suffering or lost earning potential. While Plaintiff seeks damages for pain and suffering and lost earning potential, these categories of damages are inherently speculative and difficult to quantify. Although these categories could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[65]

Accordingly, the Court finds that the responsive memoranda submitted by Plaintiff and Defendant Protective Insurance Company are insufficient, without more information, to establish that the amount in controversy requirement was met at the time of removal. In determining if the

---

[62] Rec. Doc. 11 at 1 (citing Rec Docs. 11-1, 11-2). Plaintiff notes that the attached exhibit includes Dr. Dietze's surgeon fee only, which appears to be $5,126. Plaintiff does not submit any additional evidence regarding the lumbar rhizotomy or explain where the $10,000 - $15,000 estimate is from.

[63] Rec. Doc. 11 at 2.

[64] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[65] *Allen*, 63 F.3d at 1336.

amount in controversy requirement has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[66] Here, however, the damages in this case are too speculative for the Court to find by a preponderance of the evidence that the amount in controversy requirement is satisfied. It is well-established that any ambiguities or doubts as to whether removal jurisdiction is proper should be resolved against a finding of jurisdiction and in favor of remand.[67] Therefore, the Court herby remands this case to state court.

### IV. Conclusion

Based on the reasons stated above, the Court finds that Protective Insurance Company has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  8th  day of January, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[66] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[67] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).